**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-4536**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENJI LYON HENDERSON, a/k/a Kenji Lomax,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:20-cr-00214-RJC-DSC-1)

---

Submitted: May 1, 2023                                         Decided: May 16, 2023

---

Before KING and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Charles Robinson Brewer, Asheville, North Carolina, for Appellant. Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenji Lyon Henderson pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The district court imposed an upward variant sentence of 46 months' imprisonment.  On appeal, Henderson challenges the reasonableness of his sentence.  We affirm.

"We review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Barronette*, 46 F.4th 177, 208 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 143 S. Ct. 414 (2022).  We must first "ensure[] that the district court committed no significant procedural error, such as . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (cleaned up).  If we find no procedural error, we then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* (cleaned up).  When reviewing a sentence outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted).

We review the district court's "factual findings for clear error." *United States v. Legins*, 34 F.4th 304, 325 (4th Cir.), *cert. denied*, 143 S. Ct. 266 (2022).  "Clear error exists when after reviewing all the evidence, we are left with the definite and firm conviction that

2

a mistake has been committed." *Id.* (internal quotation marks omitted). In the district court, the Government argued that the § 3553(a) factors supported an upward variance of two offense levels given Henderson's lack of respect for the law, the need to deter criminal conduct, the need to protect the public, and because Henderson had possessed firearms several times in the year before the instant § 922(g) offense. On appeal, Henderson argues that the district court abused its discretion and violated due process in granting the Government's motion and imposing an upward variant sentence on those bases. Specifically, Henderson contends that the Government failed to prove by a preponderance of the evidence that he actually possessed firearms in the year preceding his present offense conduct.

Although district courts have "wide latitude as to the information they may consider in passing sentence after a conviction," a defendant has "a due process right to be sentenced only on information which is accurate." *United States v. Nichols*, 438 F.3d 437, 439-40 (4th Cir. 2006) (internal quotation marks omitted). Similarly, a district court procedurally errs by "selecting a sentence based on clearly erroneous facts." *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentencing court "may accept any undisputed portion of the presentence report [(PSR)] as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A). "When a defendant fails to object to the PSR's factual findings, the district court may rely on them without engaging in further inquiry." *United States v. Dennings*, 922 F.3d 232, 237 n.3 (4th Cir. 2019); *see United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990) (noting that

3

defendant has burden to demonstrate that information in PSR is "untrue or inaccurate," not merely that the information is "unreliable").

The PSR explicitly stated that law enforcement officers had twice found Henderson in possession of firearms in the year preceding his instant offense and described those prior incidents. Because Henderson did not object to the PSR's inclusion of these facts, the district court acted within its discretion to "rely on them without engaging in further inquiry." *Dennings*, 922 F.3d at 237 n.3. Therefore, the district court did not err in its factual finding that Henderson had a history of possessing firearms, and the sentence is procedurally reasonable.

Finally, Henderson argues that he had never served a custodial sentence and that his offense was not violent or especially serious. We construe these arguments as a challenge to the substantive reasonableness of Henderson's sentence and conclude that the district court did not abuse its discretion when it imposed a two-level upward variant sentence. *See Nance*, 957 F.3d at 215. The district court explained that Henderson had, on multiple occasions, been found in possession of firearms, drugs, and substantial amounts of money, and the court saw Henderson's conduct as a pattern that threatened the safety of others and his community. Moreover, the court stressed that Henderson had not been deterred from criminal conduct despite having been arrested multiple times for similar reasons. The court considered the trauma associated with Henderson's gunshot injury and commended his efforts to receive vocational training and drug and mental health treatment, but found that a 46-month sentence remained necessary to protect the public, promote respect for the law,

and deter criminal conduct.  Given the district court's reasoned explanation, we defer to its determination that the § 3553(a) factors, taken as a whole, justified Henderson's upward variant sentence and the extent of the variance, nine months above the high end of the Guidelines range calculated at sentencing.  *See id.* at 212, 215.

Accordingly, we affirm the district court's judgment.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Although Henderson contends that the Government was barred from seeking an upward variance at sentencing based on its failure to object to a portion of the PSR, he fails to develop, or provide any support for, this claim.  Therefore, he has waived appellate review of it.  *See Hensley v. Price*, 876 F.3d 573, 580 (4th Cir. 2017) (explaining that "a party must do more than take a passing shot at an issue to properly preserve it for appellate review" and instead must "actually develop its argument" (cleaned up)).